IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:08-CR-00034-FL-1
NO. 7:13-CV-00011-FL

| | |
|---|---|
| PERRY REESE, III, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This cause comes before the Court upon petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("motion to vacate"). (DE-125). The government seeks to dismiss the motion to vacate. (DE-131). Petitioner Perry Reese, III, has responded to the motion to dismiss (DE-134) and, accordingly, the motion to vacate and the motion to dismiss are ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), this matter is before the undersigned for the entry of a memorandum and recommendation. For the reasons set forth herein, the undersigned RECOMMENDS the Court DENY Reese's motion to vacate (DE-125) and GRANT the government's motion to dismiss (DE-131).

1

## I. BACKGROUND

On April 2, 2008, Reese was indicted on: (1) two counts of distribution of oxycodone, in violation of 21 U.S.C. § 841(a)(1) and (2) one count of interstate travel/transportation in aid of a racketeering enterprise in violation of 18 U.S.C. § 1962(c). Following a five-day jury trial, Reese was convicted of all three counts. On February 18, 2010, the district court sentenced Reese to 240 months of imprisonment. J., DE-102.

Reese appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit, arguing that (1) there was insufficient evidence to show that he distributed controlled substances outside the usual course of practice and not for a legitimate medical purpose; (2) the district court erred in instructing the jury; (3) the district court erred in calculating his sentence; and (4) his sentence was procedurally and substantively unreasonable. *See* United States v. Reese, 442 F. App'x 8 (4th Cir. 2011) (per curiam) (unpublished), *cert. denied*, 181 L. Ed. 2d 782 (2012). The Fourth Circuit rejected these arguments and affirmed Reese's conviction and sentence. Upon reviewing the record, the Fourth Circuit specifically concluded that "a rational trier of fact would have little trouble finding that Reese's actions were outside the scope of medical practice and . . . not for a legitimate medical purpose." *Id.* at 11. Further, the Fourth Circuit held that there was "no procedural error in the district court's sentencing calculus," nor was the sentence imposed substantively unreasonable. *Id.* at 13-14. The Supreme Court

denied review on January 9, 2012.

Reese timely filed the instant motion to vacate his sentence pursuant to 28 U.S.C. § 2255. The government asserts that the motion to vacate fails to state a claim upon which relief may be granted and therefore requests dismissal.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

When subjected to a Rule 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (emphasis in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Supreme Court in *Twombly* upheld a Rule 12(b)(6) dismissal because the complaint failed to allege facts sufficient to show a claim was plausible rather than merely conceivable. *See* Monroe v. City of Charlottesville, Va., 579 F.3d 380, 386 (4th Cir. 2009), *cert. denied*, 130 S. Ct. 1740, 176 L. Ed. 2d 214 (2010). Accordingly, a district court considering a motion to dismiss under Rule 12(b)(6) "must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level." Simmons v. United Mortg. and Loan Inv., LLC, 634 F.3d 754, 768 (4th Cir.2011) (internal quotations and citations omitted). "[T]he court need not accept the legal conclusions drawn from the facts, and need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Monroe, 579 F.3d at 385-86 (quotation marks and alteration marks omitted).

3

### B. 28 U.S.C. § 2255

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir. 1999). However, "the scope of review of non-constitutional error is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* at 495-96. "Barring extraordinary circumstances . . . an error in the application of the Sentencing Guidelines cannot be raised in a § 2255 proceeding." United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999). The burden of proof is on the petitioner to establish his claim by a preponderance of the evidence. *See, e.g.*, Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958) (per curiam) ("Because the proceeding under 28 U.S.C. § 2255 is a civil collateral attack upon the judgment of conviction, the burden of proof is upon petitioner to establish [his claim] by a preponderance of evidence . . . ."); Toribio-Ascencio v. United States, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 U.S. Dist. LEXIS 113549, at *5 (E.D.N.C. Oct. 25, 2010) ("In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim

4

by a preponderance of the evidence.").

### C. Ineffective Assistance of Counsel

Reese asserts his counsel was constitutionally deficient. To state a claim of ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. Strickland v. Washington, 466 U.S. 668, 686-87 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore, the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The second prong is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

With regard to prejudice at sentencing, a petitioner must show a reasonable probability that he would have received a more lenient sentence but for counsel's errors. *See* Glover v. United States, 531 U.S. 198, 202-04 (2001); United States v. Russell, 34 F. App'x 927, 928 (4th Cir. 2002) (unpublished). To overcome the presumption of effective assistance of appellate counsel, a petitioner must demonstrate that appellate counsel ignored issues on appeal that were clearly stronger than those presented. Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000).

5

With these legal precepts in mind, the undersigned considers the instant petition.

**III.   ANALYSIS**

**A.  Ground One**

Reese argues there was insufficient evidence at trial to show that the prescriptions he issued were "for other than a legitimate medical purpose and in the usual course of his professional practice" and that the Controlled Substances Act is therefore unconstitutional as applied to him.  Pet'r's Mot. Vacate 5, DE-125.  Reese further contends that, to the extent this issue was not "raised in its entirety or in any comprehensive way," he received ineffective assistance of appellate counsel.  *Id.*

The law of the case doctrine "forecloses relitigation of issues expressly or impliedly decided by the appellate court."  United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993).  Issues previously decided on direct appeal cannot be recast in the form of a § 2255 motion in the absence of a favorable, intervening change in the law.  Davis v. United States, 417 U.S. 333, 342 (1974); United States v. Walker, 299 F. App'x 273, 276 (4th Cir. 2008) ("Absent a change in the law, a prisoner cannot relitigate in collateral proceedings an issue rejected on direct appeal."); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be relitigated in a collateral attack under Section 2255.").

6

A comparison of Reese's present § 2255 motion to his appeal at the Fourth Circuit reveals that Reese is attempting to relitigate issues that have already been decided adversely to him on direct appeal. Reese argued on appeal that the government presented insufficient evidence to show that he acted for other than a legitimate medical purpose and outside the usual course of his professional practice. The Fourth Circuit disagreed, concluding that "a rational trier of fact would have little trouble finding that Reese's actions were outside the scope of medical practice and . . . not for a legitimate medical purpose." Reese, 442 F. App'x at 11. Reese now seeks to place this precise argument within the ambit of § 2255 by making constitutional claims: that the Controlled Substances Act is unconstitutional as applied to his prosecution (due to insufficient evidence) and that his counsel violated his Sixth Amendment rights by not presenting this argument to this Court. It is thus clear that, in an effort to relitigate issues on which the Fourth Circuit already ruled against him, Reese has cloaked—very thinly—his prior arguments in the language of an unconstitutional-as-applied and ineffective assistance of counsel claim. This is something Reese simply may not do. *See* Boeckenhaupt, 537 F.2d at 1183 (a defendant may not "recast under the guise of a collateral attack, questions fully considered by this court [on direct appeal]"). Reese does not contend there has been any favorable intervening change in law that would alter the Fourth Circuit's analysis. Moreover, inasmuch as his appellate counsel did, in fact, argue there was insufficient evidence to support the conviction, Reese fails to show defective performance by his

7

attorney. For these reasons, the undersigned RECOMMENDS that the motion to dismiss Ground One of the motion to vacate be GRANTED, and that the motion to vacate be DENIED as to Ground One.

**B. Ground Two**

In Ground Two, Reese argues there was no evidence adduced at trial regarding the effect of his actions on interstate commerce, and that his conviction must therefore be vacated. However, Reese did not previously raise this issue on direct appeal before the Fourth Circuit. "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack." Mikalajunas, 186 F.3d at 492-93. "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *Id.* at 493. To establish prejudice, the petitioner must show "not merely that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982).

Here, the argument made in Ground Two of the § 2255 petition was not made on direct appeal and is therefore procedurally defaulted. *See* Bousley v. United States, 523

8

U.S. 614 (1998); Stone v. Powell, 428 U.S. 465 (1976); *see also* Moore v. United States, Nos. 7:05-CR-43-FL, 7:09-CV-156-FL, 2010 U.S. Dist. LEXIS 60963, at *4 (E.D.N.C. June 18, 2010) ("[T]o the extent petitioner did not previously raise before the Fourth Circuit those issues in his § 2255 petition capable of adjudication on direct appeal, they are procedurally defaulted."). Reese has not set forth facts demonstrating cause, prejudice, or actual innocence as needed to overcome this procedural bar, *see* United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). Accordingly, the undersigned RECOMMENDS that the government's motion to dismiss as to Ground Two be GRANTED and that the motion to vacate be DENIED.

**C. Ground Three**

Next, Reese contends his trial counsel was ineffective for failing to object to testimony by the government's witness, Mark E. Romanoff, M.D., who testified as an expert in pain management. *See* Trial Tr. 7:8-9, Feb. 19, 2009, DE-69. Reese asserts the government failed to provide a written summary of Dr. Romanoff's anticipated testimony, as required by Federal Rule 16 of Criminal Procedure. In addition, Reese argues that Dr. Romanoff's testimony did not comply with the standards set forth in Daubert v. Merrell Dow Pharmeceuticals, Inc., 509 U.S. 579 (1993). Reese contends that his trial counsel's failure to object to Dr. Romanoff's testimony on these bases constitutes ineffective assistance of counsel.

9

"An attorney's decision to object or not to object to certain items in the course of a jury trial is precisely 'the type of act for which *Strickland* requires that judicial scrutiny be highly deferential.'" Benkahla v. United States, Nos. 1:06cr9, 1:10cv30, 2010 U.S. Dist. LEXIS 68156, at *11 (E.D. Va. July 8, 2010) (quoting Green v. Lynaugh, 868 F.2d 176, 178 (5th Cir. 1989)). "Defense counsel constantly must decide what questions to ask and how much time to spend on a particular witness. These are precisely the types of tactical decisions a court is not supposed to second guess." Higgs v. United States, 711 F. Supp. 2d 479, 515 (D. Md. 2010) (citing Byram v. Ozmint, 339 F.3d 203, 209 (4th Cir. 2003)); *cf.* Sexton v. French, 163 F.3d 874, 885 (4th Cir. 1998) ("Decisions that may be made without the defendant's consent primarily involve trial strategy and tactics, such as what evidence should be introduced, what stipulations should be made, what objections should be raised, and what pre-trial motions should be filed." (internal quotation marks omitted)).

Here, the record shows—and Reese concedes—that trial counsel objected to the testimony by Dr. Romanoff, albeit on grounds other than those now advanced by Reese. *See* Ptr's Mem. Mot. Vacate 39, 42, DE-125-1 (noting objections by trial counsel but complaining that counsel did not "follow through" on objections). The trial transcript also reveals that trial counsel vigorously cross-examined and re-cross-examined Dr. Romanoff. *See* Trial Tr. 85-136, 139, DE-69. These decisions by trial counsel constitute the type of strategic choices to which "enormous deference" must be paid. United States

10

v. Terry, 366 F.3d 312, 317 (4th Cir. 2004). Trial counsel's failure to pursue every conceivable objection cannot be considered constitutionally deficient performance, particularly given the "fundamental reality of trial practice . . . that 'often, a weak . . . argument is not merely useless but, worse than that, may detract from the strength of the case by distracting from stronger arguments and focusing attention on weaknesses.'" *Id.* at 318 (quoting Epsom v. Hall, 330 F.3d 49, 53 (1st Cir. 2003)). Under these circumstances, Reese fails to state a claim for deficient performance.

Furthermore, even assuming *arguendo* Reese could state a claim for deficient performance, he has not shown how trial counsel's failure to object more extensively to Dr. Romanoff's testimony has prejudiced him. There is simply no support in the record for Reese's assertion that the district court would have excluded Dr. Romanoff's testimony on the basis of *Daubert*. Moreover, accepting for the purpose of argument that the government failed to comply with Federal Rule 16 of Criminal Procedure by not providing a summary of Dr. Romanoff's anticipated testimony, Reese concedes that the district court would not have excluded Dr. Romanoff on this basis. *See* United States v. DeLoach, No. 99-4441, 2000 U.S. App. LEXIS 3824, at *6-7 (4th Cir. Mar. 14, 2000) (unpublished) (noting that, "[t]he sanction of exclusion of testimony [for Fed. R. Crim. P. 16 violation] 'is almost never imposed' absent a constitutional violation or statutory authority for the exclusion.") (quoting United States v. Charley, 189 F.3d 1251, 1262 (10th Cir. 1999))).

11

Because Reese fails to allege facts indicating either deficient performance by trial counsel or prejudice arising therefrom, the motion to vacate fails to state a claim for ineffective assistance by counsel upon which relief may be based. The undersigned therefore RECOMMENDS that the motion to dismiss Ground Three be GRANTED and the motion to vacate be DENIED.

**D. Ground Four**

Finally, Reese asserts that the use of the 2009 Sentencing Guidelines in his case violated the Ex Post Facto Clause of the United States Constitution. Reese claims that the district court should have utilized the 2002 edition of the Sentencing Guidelines, which was the edition in effect at the time of the offense, because Amendment 657 to U.S.S.G. § 2D.1, effective November 1, 2003, changed the method of weighing oxycodone for the purpose of determining offense level. According to Reese, use of the 2009 Sentencing Guidelines substantially increased his base offense level, resulting in a longer period of incarceration than he would have received under the 2002 Sentencing Guidelines, However, as in Ground Two, Reese did not present this claim on direct appeal to the Fourth Circuit and therefore may not raise the issue for the first time in a collateral proceeding absent cause excusing his procedural default and actual prejudice resulting from the errors. Mikalajunas, 186 F.3d at 492-93. Reese has failed to show cause excusing his default or actual prejudice resulting from this alleged error. Thus, this claim is barred from consideration under 28 U.S.C. § 2255.

12

Even if preserved for review, Reese fails to show that application of the 2009 Sentencing Guidelines increased his base level offense. Under the 2002 Guidelines, the total marijuana equivalency attributable to Reese would have been approximately 1,396 kilograms, higher than the 1,006 kilograms attributed to him under the 2009 Guidelines. *See* Resp't Supplemental Mem., Ex. A, DE-136-1. In either case, the base offense level would have been 32. *See* U.S.S.G. 2D1.1(c)(4) ("at least 1,000 but less than 3,000 KG of marijuana"). Thus, Reese's advisory guideline range and his sentence would have been the same under either the 2009 or the 2002 Guidelines. As such, Reese fails to show any prejudice arising from use of the 2009 Sentencing Guidelines. For this reason, he likewise fails to state a claim of ineffective assistance of counsel arising from the application of the 2009 Sentencing Guidelines. Accordingly, the undersigned RECOMMENDS that the Court DENY Ground Four of the motion to vacate and GRANT the motion to dismiss.

## IV. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Reese's motion to vacate (DE-125) be DENIED and that the government's motion to dismiss (DE-131) be GRANTED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Monday, August 12, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE