> **Motion DENIED.**
>
> This the 6th day of July, 2016.
>
> /s/Louise W. Flanagan, U.S. District Judge

FILED

JUN 16 2016

JULIE RICHARDS JOHNSTON, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

RE: Case No. 7:08-CR-34-1FL

Honorable Judge Louise W. Flanagan:

    I am writing to you today humbly requesting that the Court reconsider the decision made on 3/15/2016 in the above-captioned case. The decision was made in response to a motion under "All Drugs Minus Two" (USSG Amendment 782) which was made retroactive on November 1, 2015, and resulted in a five (5) month sentence reduction (from 240 months to 235 months).

    While I am grateful and appreciative of the Court's decision to reduce the originally imposed sentence, I respectfully ask the Court to consider the below indicated factors that I do not believe were included in the initial evaluation. I understand that it is within the Court's discretion to consider (or deny) factors that may be pertinent to the spirit of Amendment 782, therefore I plead you to consider the following:

    (1) When I was sentenced in 2010, the statutory maximum was 240 months, and the five month reduction now places me at the maximum of the newly applicable Guideline range of 188-235 months. A further reduction to 193 months would result in a sentence five months above the low-end of the new Guideline range and would be consistent with the five months above the low-end of the Guideline range under which I was originally sentenced.

    (2) The U.S. Sentencing Commission has made it clear that a candidate should have his post-conviction record considered, and that it is appropriate for a candidate to receive the absolute low-end of the new Guideline range.

    I have had no contact with the Office of the Public Defender since the filing of the 782 Motion, and am unaware of any such considerations (including post-conviction records) filed on my behalf. I understand that the courts impose sentences that are sufficient, but not greater than necessary, to meet Congress' four purposes: retribution, deterrence, incapacitation, and rehabilitation requirements as indicated by the FBOP. I am also aware that in the Supreme Court ruling in Pepper v. United States indicates that "highly relevant...to [the] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics--holding that the district court may consider evidence of a defendant's post-conviction rehabilitation, and that such evidence may support a downward variance from the federal sentencing guidelines." (Pepper